IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YASMANY NOEL MORENO DE ARMAS,

     Petitioner,

v.                                                                                          No. 2:26-cv-02090-KG-LF

MARKWAYNE MULLIN, et al.,

     Respondents.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Yasmany Noel Moreno De Armas's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8.  Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, and denies the petition without prejudice.

Petitioner, a citizen of Cuba, entered the United States without inspection or parole in 2016. Doc. 8 at 2.  On May 8, 2025, U.S. Customs and Border Protection ("CBP") agents apprehended him during a traffic stop.  *Id.*  He remains detained at Otero County Processing Center in Chaparral, New Mexico.  Doc. 1 at 3.

In July 2025, an immigration judge ordered Petitioner removed to Cuba.  Doc. 8 at 2.  On April 27, 2026, the Board of Immigration Appeals ("BIA") issued a decision dismissing his appeal of the removal order, rendering his removal order administratively final.  *Id.*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001).  "[H]abeas relief is available only in the district of confinement."  *Gamez Lira v. Noem*, 2025 WL 2581710, at *2 (D.N.M.).

1

Post-removal detention is generally governed by § 1231(a)(2), which mandates detention "[a]fter entry of a final removal order." *Zadvydas*, 533 U.S. at 683 (citing § 1231(a)(2)).  "[T]he Government ordinarily secures" a noncitizen's removal during the 90-day removal period, during which the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).  A six-month detention period is presumptively reasonable.  *Id.* at 701.

Applying these principles, Petitioner's detention remains lawful under § 1231.  Although Petitioner has been detained since May 2025, the relevant period for purposes of § 1231(a) is the period following the entry of a final removal order.  Petitioner's removal order became administratively final on April 27, 2026, and he has therefore been detained pursuant to § 1231(a) for approximately three months.  Accordingly, his detention remains within the six-month period that *Zadvydas* recognized as presumptively reasonable.  533 U.S. at 701.

The Petition for a Writ of Habeas Corpus, Doc. 1, is denied without prejudice.  Petitioner may file a new habeas petition in the appropriate jurisdiction if circumstances surrounding his detention materially change—for example, if he remains detained beyond the six-month period recognized as presumptively reasonable under *Zadvydas*.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.